*United States v. Tannenbaum*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand nineteen.

PRESENT: BARRINGTON D. PARKER,
PETER W. HALL,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

_____

United States of America,

     *Plaintiff-Appellant*,

     v.               No. 18-1734

Gershon Tannenbaum, Sarah Tannenbaum, New York State Department of Taxation and Finance, United States Securities and Exchange Commission,

     *Defendants-Appellees*,

M&T Mortgage Corporation, assignee to Greater New York Savings Bank, JPMorgan Chase & Co., Successor to Chemical Bank, Bank of New York Mellon, David Sheldon, City of New York Parking Violations Bureau, City of New York Department of Environmental Protection,

     *Defendants*.

_____

For Appellant:                THOMAS J. CLARK, Attorney, Tax Division, (Sherra Wong, Attorney, Tax Division, Richard E.

Zuckerman, Principal Deputy Assistant Attorney General, *on the brief*), Department of Justice, Washington, D.C., Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY

For Appellee Sarah Tannenbaum:    PAULA S. FROME (James O. Druker, *on the brief*), Kase & Druker, Garden City, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Plaintiff-Appellant the United States of America appeals from the April 10, 2018 order of the district court vacating in part its judgment of August 15, 2016 ("the August 2016 judgment"), pursuant to Fed. R. Civ. P. 60(b). The August 2016 judgment had granted the government's motion for summary judgment. The judgment provided that the United States has valid federal tax and judgment liens on the property located at 927 51st Street, Brooklyn, New York ("the Property") and further ordered that the government could foreclose on and sell the Property, with fifty percent of the sale proceeds to be distributed to satisfy federal tax liens against Defendant Gershon Tannenbaum ("Mr. Tannenbaum"), and fifty percent of the sales proceeds to be distributed to Mr. Tannenbaum's wife, Defendant-Appellee Sarah Tannenbaum ("Ms. Tannenbaum").

Unbeknownst to the district court, Mr. Tannenbaum had died approximately six months before its August 2016 judgment issued. Because Mr. and Ms. Tannenbaum had owned the Property as tenants by the entirety while Mr. Tannenbaum was still alive, his interest in the Property extinguished upon his death. *See Matter of Violi*, 482 N.E.2d 29, 31 (N.Y. 1985).

2

Following Ms. Tannenbaum's Rule 60(b) motion, the district court vacated the August 2016 judgment to the extent it ordered that the government could enforce its liens against and sell the Property. The district court thus ordered that Ms. Tannenbaum is the sole owner of the Property, which is no longer encumbered by federal tax liens. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The government argues that the district court erred in granting Rule 60(b) relief by refusing to enter its August 2016 judgment *nunc pro tunc* as of the date the parties' summary judgment motions were submitted to the district court, at a time when Mr. Tannenbaum was still alive. "*Nunc pro tunc,* Latin for 'now for then,' refers to a court's inherent power to enter an order having retroactive effect." *Iouri v. Ashcroft*, 487 F.3d 76, 87 (2d Cir. 2007). "It is a far-reaching equitable remedy applied in certain exceptional cases, typically aimed at rectifying any injustice to the parties suffered by them on account of judicial delay." *Id.* (internal citations and quotation marks omitted).

As an initial matter, we decline the government's invitation to hold that the district court had "a 'duty' to enter its judgment *nunc pro tunc*," citing *Mitchell v. Overman*, 103 U.S. 62, 65 (1880). Appellant's Br. at 17. It is well established that "[w]e review the grant or denial of equitable relief for abuse of discretion," *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 214 (2d Cir. 2014) (internal quotation marks omitted), and the Supreme Court in *Mitchell* likewise recognized that "[a] *nunc pro tunc* order should be granted or refused, as justice may require in view of the circumstances of the particular case," 103 U.S. at 65. Our review is therefore limited to the question of whether the district court abused its discretion in granting Ms. Tannenbaum's Rule 60(b) motion and vacating its August 2016 judgment.

3

Abuse of discretion may include, "*inter alia*, a ruling based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Bano v. Union Carbide Corp.*, 361 F.3d 696, 716 (2d Cir. 2004). A district court may also abuse its discretion if "its decision— though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001). Here, the record establishes that the district court considered the equities but decided that it could not allow the August 2016 judgment to stand when Mr. Tannenbaum had no interest in the Property at the time the government's motion for summary judgment was granted, which the government does not dispute. *See* Appellant's Br. at 18 (acknowledging that "at the time the District Court entered its summary judgment, in August 2016, the federal tax lien did not attach to any interest in the Property.") We therefore do not conclude that the district court abused its discretion in declining the government's request to issue its August 2016 judgment *nunc pro tunc*.

We have considered Appellant's remaining arguments and find them to be without merit. We hereby **AFFIRM** the order of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4